**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

U.S. BANK, N.A.,

    Plaintiff,

v.                                             Case No:  6:16-cv-715-Orl-40TBS

LISA RATHKA, et al.,

    Defendants.

_____

**ORDER ON THE UNITED STATES' MOTION TO VACATE AND DISMISS AND**
**ORDER TO SHOW CAUSE**

This cause comes before the Court on the United States' Motion to Vacate and Dismiss and Supporting Memorandum of Law (Doc. 9), filed May 4, 2016.  No party has responded and the time for doing so has passed.  Upon consideration, the United States' motion will be granted in part and denied in part.  The Court will additionally order Plaintiff and its counsel to show cause why sanctions should not be imposed.

**I.**    **BACKGROUND**[1]

Plaintiff, U.S. Bank, N.A. ("U.S. Bank"), initiated this lawsuit on March 28, 2011 in state court to foreclose its interest in a mortgage securing real property located in Orange County, Florida.  On January 18, 2013, the state court entered a final judgment of foreclosure in favor of U.S. Bank and scheduled the subject property for judicial sale.  U.S. Bank ultimately prevailed as the highest bidder at the judicial sale and purchased the

---

[1] The Court gathers this account of the facts from the documents attached to the United States' Notice of Removal (Doc. 1-1) and from a review of the state court's docket, of which this Court takes judicial notice pursuant to Federal Rule of Evidence 201.

subject property for $173,000.  Title to the subject property issued to U.S. Bank on March 11, 2013.

Approximately three years later on March 16, 2016, U.S. Bank filed a motion with the state court titled "Plaintiff's Ex-Parte Motion for Supplemental Proceedings and for an Order Granting Redemption Rights."  In its ex parte motion, U.S. Bank represented that the United States Department of Housing and Urban Development ("HUD") holds an interest in the subject property, but that HUD was omitted from the original foreclosure proceedings.  U.S. Bank requested that the state court institute supplemental proceedings for the purpose of giving HUD thirty days to exercise any redemption rights HUD may have with respect to the subject property.  On March 18, 2016, the state court granted U.S. Bank's ex parte motion without a hearing and without notice to HUD.  The state court's order directed that U.S. Bank serve HUD within thirty days and that HUD exercise any redemption rights within thirty days of service.  The state court's order further provided that HUD's failure to exercise its redemption rights within the time provided would result in the foreclosure of any interest HUD holds in the subject property.

Upon receiving service of the original foreclosure complaint and learning of the state court's March 18, 2016 order, the United States immediately removed the action to this Court.  This Court has subject matter jurisdiction and removal is proper.[2]  The United

---

[2]  This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 2409a(a), as U.S. Bank has named the United States as a defendant in a lawsuit to resolve a title dispute to real property in which the United States (through HUD) claims an interest.  The United States timely removed this action from state court pursuant to 28 U.S.C. §§ 1444 and 1446(b)(1) by filing its Notice of Removal within thirty days of receiving the initial pleading.  The United States' right of removal is absolute and the ordinary rule that all other defendants join in removal does not apply.  *See Chrysler First Fin. Servs. Corp. v. Greenfield*, 753 F. Supp. 939, 941 (S.D. Fla. 1991).

States now moves to vacate the March 18, 2016 order and to dismiss this action for lack of subject matter jurisdiction.[3]

## II.   DISCUSSION

### A.   Motion to Vacate

The United States first moves to vacate the March 18, 2016 order requiring HUD to exercise its redemption rights within thirty days.  The Court construes the motion as seeking to alter or amend a prior order pursuant to Federal Rule of Civil Procedure 59(e). Under that rule, the Court recognizes three grounds for vacating a prior order: (1) an intervening change in law, (2) the discovery of new evidence which was not available at the time the Court rendered its decision, and (3) the need to correct clear error or manifest injustice.  *Leonard v. Astrue*, 487 F. Supp. 2d 1333, 1341 (M.D. Fla. 2007).  Because vacating or modifying a prior order is "an extraordinary remedy," the moving party must set forth "strongly convincing" reasons for the Court to change the prior decision.  *Id.* at 1341–42.  The United States moves to vacate the March 18, 2016 order on the grounds that the order ignored the mandated statutory procedure for foreclosing an interest held by the United States in real property.  The Court therefore reads the United States' motion as asserting the need to correct clear error.

In order to foreclose an interest held by the United States in real property, the United States must be named in the lawsuit and the initial pleading must state with

---

[3]   The United States' Motion to Vacate and Dismiss is timely because the motion was filed within seven days of removal.  *See* Fed. R. Civ. P. 81(c)(2)(C).  The Court has authority to review the state court's March 18, 2016 order because orders issued by the state court become this Court's orders upon removal.  *See Johnston v. Tampa Sports Auth.*, 530 F.3d 1320, 1324 (11th Cir. 2008) (per curiam), *cert. denied*, 555 U.S. 1138.

particularity the nature of the United States' interest. 28 U.S.C. § 2410(b). Upon foreclosure, the subject property must be sold by judicial sale. *Id.* § 2410(c). "A sale to satisfy a lien inferior to one of the United States shall be made subject to and without disturbing the lien of the United States, unless the United States consents that the property may be sold free of its lien . . . ." *Id.* However, where the subject property is sold to satisfy a lien prior to that of the United States, the United States shall have one year from the date of the sale to exercise its right of redemption. *Id.* The failure to follow these procedures results in the United States' lien surviving foreclosure and the purchaser of the foreclosed property taking that property encumbered by the United States' lien.[4] *See Myers v. United States*, 647 F.2d 591, 600 n.12 (5th Cir. 1981); *cf. United States v. Warford*, 791 F.2d 1519 (11th Cir. 1986) (explaining that the United States is only bound by foreclosure judgments in which it has been named as a defendant).

The March 18, 2016 order suffers from a number of errors. First, U.S. Bank never named HUD as a party to the original foreclosure proceedings and never served HUD with the lawsuit. Second, U.S. Bank never particularly described HUD's interest in the subject property in its original complaint. As a result of these two deficiencies, foreclosure of HUD's interest in the subject property was no longer a legally available remedy when the order was entered. Third, U.S. Bank never notified HUD that it was being subjected

---

[4] Indeed, it appears that the entire purpose of these procedures is to prevent the type of situation which has occurred in this case. *See United States v. John Hancock Mut. Life Ins. Co.*, 364 U.S. 301, 305 (1960) ("[A]n examination of the legislative history . . . shows that Congress considered the redemption provision . . . an integral feature of [section] 2410. The pertinent excerpts reveal that Congress feared a situation where the United States, as junior lienor, would find its lien dissolved . . . without having had a chance to protect its right to any amount the foreclosed property might be worth in excess of the senior lien.") (footnote omitted).

to supplemental proceedings and, as a result, HUD was not afforded the opportunity to participate in those proceedings. Fourth, the order cuts the time for HUD to exercise its right of redemption from one year to thirty days, contrary to the governing law were redemption even permitted in this case. In short, the March 18, 2016 order is rife with error and must be vacated.

**B.     Motion to Dismiss**

Next, the United States moves to dismiss this action for lack of subject matter jurisdiction. However, despite brief allusions to sovereign immunity, the Court is unclear as to the United States' argument. The Court presumes that the United States is referring to its sovereign immunity from being sued by U.S. Bank in the "supplemental proceedings" initiated in state court; however, the Court declines to enter an order of dismissal without being fully advised on the United States' sovereign immunity argument. Accordingly, the Court will deny the motion to dismiss and request that the United States renew its motion to include a properly supported memorandum of law.

**C.     Sanctions Against U.S. Bank and its Counsel**

In its motion, the United States suggests that U.S. Bank instituted the supplemental proceedings in state court for the purpose of evading federal law so that it could extinguish HUD's interest in the subject property without HUD's realization. Upon review of the record on removal, the United States' position is well-founded. U.S. Bank obtained its final judgment of foreclosure in 2013 without ever notifying HUD and without identifying the interest held by HUD, despite the fact that HUD's mortgage was filed in the public records of Orange County, Florida. Three years later, through new counsel, U.S. Bank filed its ex parte motion to institute supplemental proceedings against HUD in order to

extinguish that mortgage. However, the law is clear that U.S. Bank's failure to name HUD in the original complaint precluded such relief. U.S. Bank also did not include HUD on the ex parte motion's service list, and it was not until after the ex parte motion was granted by the state court that U.S. Bank finally acted to notify HUD. Moreover, U.S. Bank's ex parte motion attached a proposed order for the state court to enter. That proposed order, which ultimately became the now-vacated March 18, 2016 order, threatened to extinguish HUD's interest in the subject property within thirty days, in blatant disregard of the governing law. It therefore appears that U.S. Bank overtly attempted to circumvent well-established federal law in order to acquire clear title to the subject property without HUD's knowledge.

The Court will therefore order U.S. Bank and the counsel who filed the ex parte motion on U.S. Bank's behalf, Molly E. Carey and Marinosci Law Group, P.C., to answer why they should not be sanctioned for forwarding claims and legal contentions that were frivolous, without legal justification, and made for an improper purpose. *See* Fed. R. Civ. P. 11(b)(1), (2). U.S. Bank and its counsel shall also explain how their conduct does not constitute the unreasonable and vexatious multiplication of proceedings before this Court, *see* 28 U.S.C. § 1927, and how their conduct was not taken in bad faith so as to subject them to the Court's inherent sanctioning power, *see Mack v. Delta Air Lines, Inc.*, No. 15-11945, 2016 WL 197162, at *4 (11th Cir. Jan. 15, 2016) (per curiam). Lastly, U.S. Bank's counsel, Molly E. Carey and Marinosci Law Group, P.C., shall answer how their above-referenced conduct does not violate the Florida Bar's Rules of Professional Conduct—specifically, Rule 4-3.1 (Meritorious Claims and Contentions), Rule 4-3.3 (Candor Toward the Tribunal), and Rule 4-3.4 (Fairness to Opposing Party and Counsel).

### III. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

1. The United States' Motion to Vacate and Dismiss (Doc. 9) is **GRANTED IN PART** and **DENIED IN PART** as follows:

   a. The motion to vacate is **GRANTED**.  The order entered on March 18, 2016 titled "Order on Plaintiff's Motion for Supplemental Proceedings and for an Order Granting Redemption Rights" (Doc. 1-1, pp. 1–3) is **VACATED**.

   b. The motion to dismiss is **DENIED**.  The United States has until and including **June 24, 2016** to renew its motion to dismiss.

2. Plaintiff, U.S. Bank, N.A., and its counsel, Molly E. Carey and Marinosci Law Group, P.C., are **ORDERED TO SHOW CAUSE** by written response filed on or before **June 17, 2016** why sanctions, including an award of reasonable attorney's fees and costs to the United States for litigating this matter and the imposition of additional monetary fines, should not be imposed pursuant to Federal Rule of Civil Procedure 11, 28 U.S.C. § 1927, or this Court's inherent authority for the conduct described in Section II.C of this Order.  The respondents may file individual or collective responses.  No response shall exceed twenty (20) pages in length.  The Court will schedule an evidentiary hearing, if necessary, by separate order.

3. The Clerk of Court is **DIRECTED** to serve a copy of this Order on the respondents, Molly E. Carey, Esq. and Marinosci Law Group, P.C., by certified mail to 100 West Cypress Creek Road, Suite 1045, Fort

Lauderdale, FL 33309 and by email to servicefl@mlg-defaultlaw.com and servicefl2@mlg-defaultlaw.com.

**DONE AND ORDERED** in Orlando, Florida on May 25, 2016.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record,
Unrepresented Parties,
Molly E. Carey, Esq., and
Marinosci Law Group, P.C.